DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Michael Brown, appeals from his menacing conviction and sentence in the Akron Municipal Court. This Court affirms.
 I {¶ 2} On August 4, 2007, Akron Police Officers Howard Vaughn and Brian Glass were on duty at the Copley Liquor Store located in the City of Akron. Officer Vaughn was positioned at the front door and Officer Glass was positioned in the parking lot. Around 9:00 p.m., Brown pulled into the parking lot and entered the store. Although the facts are in dispute, it is clear that an altercation *Page 2 
ensued between Brown and Officer Vaughn. Officer Vaughn testified that in the past, Brown has threatened him and has pulled a gun on him. As Brown entered the store, Officer Vaughn testified that Brown asked, "What are you looking at bitch?" Officer Vaughn alerted Officer Glass to watch for trouble. After a few minutes, Brown exited the store and had an altercation with Officer Vaughn. According to Officer Vaughn's testimony, Brown threatened him and challenged him to a fight. As Brown walked toward his truck, he continued to loudly threaten Officer Vaughn. Officer Vaughn asked Brown to stop making threats and to leave the liquor store property, but Brown continued his threatening behavior. Officer Vaughn testified that he feared for his safety. He placed Brown under arrest and called for immediate backup assistance. Officer Troy Meech arrived within a couple of minutes to assist Officers Vaughn and Glass. Brown continued to curse and to threaten Officer Vaughn after being handcuffed and placed in Officer Meech's police cruiser. Officer Meech transported Brown to the Summit County Jail.
 {¶ 3} Brown was charged with one count of violating Akron City Code ("A.C.C.") 135.05 aggravated menacing, a misdemeanor of the first degree, and A.C.C. 132.01(A)(1) disorderly conduct, a misdemeanor of the fourth degree. Brown pled not guilty. A bench trial was held in Akron Municipal Court on October 10, 2007. The trial court found Brown guilty of disorderly conduct and menacing, a lesser included offense of aggravated menacing, in violation of *Page 3 
A.C.C. 135.06. On October 19, 2007, the court imposed a 30 day suspended sentence and $150 fine for the menacing conviction and a 30 day suspended sentence for the disorderly conduct conviction.
 {¶ 4} Brown timely appealed his menacing conviction, raising one assignment of error for our review.
 II Assignment of Error Number One "THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO SUPPORT A FINDING THAT THE APPELLANT KNOWINGLY CAUSED OFFICER VAUGHN TO BELIEVE THAT THE APPELLANT WOULD CAUSE PHYSICAL HARM TO HIM AND THEREFORE THE TRIAL COURT'S FINDING OF GUILTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 5} In his sole assignment of error, Brown claims that the evidence presented at trial was insufficient to support a finding that Brown knowingly caused Officer Vaughn to believe that Brown would cause physical harm to him. Thus, Brown argues that the evidence was insufficient to find him guilty of menacing and, as a result, he is entitled to an order vacating his conviction and sentence for menacing. In the alternative, Brown argues that even if this Court finds the evidence to be sufficient, the trial court's verdict was against the manifest weight of the evidence and should be reversed. We disagree.
 {¶ 6} A review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct determinations. *Page 4 State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at *1. "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." Id., citing State v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). In order to determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court must review the evidence in a light most favorable to the prosecution. State v.Jenks (1991), 61 Ohio St.3d 259, 279. Furthermore:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus; see, also, Thompkins, 78 Ohio St.3d at 386.
 {¶ 7} In State v. Roberts, this Court explained:
 "[Sufficiency is required to take a case to the jury[.] * * * Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at *2.
Accordingly, we address Brown's challenge to the weight of the evidence first, as it is dispositive of his claim of sufficiency.
 {¶ 8} In determining whether a conviction is against the manifest weight of the evidence an appellate court: *Page 5 
 "[M]ust review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than supports the other. Thompkins, 78 Ohio St.3d at 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Id. Therefore, this Court's "discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983),20 Ohio App.3d 172, 175; see, also, Otten, 33 Ohio App.3d at 340.
 {¶ 9} After reviewing the record, we conclude that the trial court, acting as trier of fact, did not lose its way and that there was no manifest miscarriage of justice.
 {¶ 10} A.C.C. 135.06(A) provides, in part:
 "No person shall knowingly cause another to believe that the offender will cause physical harm to the person or property of the other person or member of his immediate family."
 {¶ 11} A.C.C. 130.08(B) defines knowingly as follows:
 "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of *Page 6 
circumstances when he is aware that the circumstances probably exist."
 {¶ 12} As noted below, the evidence in the record supports a finding that Brown "knowingly" caused Officer Vaughn to fear physical harm by Brown. We therefore find that the trial court's finding of guilt was not against the manifest weight of the evidence.
 {¶ 13} Officer Vaughn testified that, upon Brown's entering the store, Brown grimaced at him and asked, "What are you looking at bitch?" He also testified that Brown repeatedly threatened him in a loud voice when leaving the liquor store. He said that Brown threatened to "get" him. Brown proclaimed, "You ain't s*** with that badge on. You're no real cop. You don't shine when you're in uniform." Brown asked Officer Vaughn when he was going to fight him. As Brown was walking to his truck, Officer Vaughn testified that Brown called him a clown and threatened to "destroy" him. Brown told Officer Vaughn that he would see him "out here without that uniform on." Brown then remarked, "Let's see what you about then." Officer Vaughn testified that he believed Brown would carry out his threats. Officer Vaughn said that he feared for his immediate safety and was also concerned that Brown might try to hurt him when out of uniform. Officer Vaughn testified that he thought his life was being threatened.
 {¶ 14} Officer Glass testified that he first observed Brown when Brown was leaving the liquor store. Officer Glass testified that Brown stared down Officer Vaughn. Officer Glass described Brown's stare as "disgruntled." He said that *Page 7 
Brown started to threaten Officer Vaughn with profane language as he walked away from the store. Officer Glass testified that Officer Vaughn and he followed Brown out into the parking lot "making sure he's going where he needs to go." He testified that Brown said he would physically hurt Officer Vaughn if he were not in uniform. He said that Brown was speaking in a loud voice. Officer Glass indicated that someone in the parking lot exclaimed, "What's wrong with [this] dude? He's tripping." Officer Glass said that after Officer Vaughn warned Brown to stop being disorderly and to leave the premises, Brown continued to threaten Officer Vaughn with abusive language.
 {¶ 15} Kenneth P. Littlejohn, recreation department supervisor for the City of Akron, testified that he was a customer at the liquor store when the incident occurred. Littlejohn said that as he was talking to Officer Vaughn, Brown came out of the store and started making abusive comments directed to Officer Vaughn. Littlejohn indicated that Brown continued to make loud comments as he walked down the parking lot. Littlejohn testified that Brown warned Officer Vaughn that he would be seeing him again. When asked to describe Brown's tone of voice, Littlejohn responded, "[L]ike it could have been a fight going on right at that point in time." Littlejohn said it was clear that Brown was directing his comments to Officer Vaughn.
 {¶ 16} Officer Meech testified that when Officer Vaughn radioed for help, "It sounded like there was a fight." He indicated that when he arrived on the *Page 8 
scene, Brown was "pretty irate" and "agitated." Officer Meech said that Brown was still yelling, cursing, and screaming. He indicated that Brown said that Officer Vaughn "was a bitch and he hides behind his badge and that he would beat his ass." He described Brown as being "very aggressive." Officer Meech said Brown was "causing a scene and disruption to all the other people in the store."
 {¶ 17} Brown testified that the "bad blood" between Officer Vaughn and himself stemmed from an incident related to Brown's son's mother. Brown said he never threatened Officer Vaughn. He said he had never gone out looking for Officer Vaughn. Brown denied having any words with Officer Vaughn when entering the liquor store. Brown said that when he left the store, he looked into Officer Vaughn's face and chuckled. He said that he thought Officer Vaughn was trying to intimidate him. He said he walked to his truck without saying anything. Brown testified that he had no words with Officer Vaughn until after being taken into custody. Brown said he didn't offer any resistance. He admitted calling Officer Vaughn a "bitch," but denied threatening him. When confronted during cross-examination with the fact that three other witnesses testified about him raising his voice, Brown replied that their testimony was inconsistent. However, he had difficulty articulating the inconsistencies and none of the inconsistencies he mentioned related to his shouting at Officer Vaughn. Regarding the other witnesses, Brown said they "took a story that either they knew nothing or everything about and twisted it to try to cover up what took place." There were no *Page 9 
other witnesses to corroborate Brown's testimony and no surveillance videotape available. Finally, Brown testified that if he was convicted of any charge against another person whether physical or verbal, his job would be terminated.
 {¶ 18} Upon review of the record, we find that Brown's menacing conviction is not against the manifest weight of the evidence. Officer Vaughn testified that Brown repeatedly threatened him. Officer Vaughn testified that he feared for his personal safety. Officer Vaughn's testimony was corroborated in its essential elements by three other witnesses, including a store patron. All of these witnesses described Brown's behavior as threatening. They said he was agitated and aggressive. They all indicated Brown was loud and abusive. His yelling disrupted other patrons of the store. Brown challenged Officer Vaughn to fight him several times, indicated he would "destroy" Officer Vaughn, and threatened to harm him both imminently and when out of uniform. That Officer Vaughn feared for his safety is evidenced by his call for immediate backup, his belief that Brown's threats were genuine, and the fact that Brown had pulled a gun on him in the past. Brown's behavior caused Officer Vaughn to believe that Brown would harm him physically and his belief was reasonable. Moreover, Brown's continual barrage of taunts and threats causes us to conclude that Brown was well aware that his conduct would cause Officer Vaughn to believe that Brown would harm him physically, especially in light of the history between them. We find that Officer Vaughn's fear was reasonable. Thus, Brown knowingly caused Officer Vaughn to *Page 10 
believe that Brown would cause him physical harm. Brown's uncorroborated denial of his role in the altercation lacks credibility. His testimony was confusing and non-persuasive. We have no reason to disagree with the trial court's finding that the State's witnesses were more credible than Brown.
 {¶ 19} Having disposed of Brown's challenge to the weight of the evidence, we similarly dispose of his sufficiency challenge. SeeRoberts, supra, at *2. Brown's first assignment of error is overruled.
 III {¶ 20} Brown's assignment of error is overruled. The judgment of the Akron Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). *Page 11 
The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 SLABY, P. J. DICKINSON, J. CONCUR *Page 1